**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**CHARLES E. DICKERSON,**

      **Plaintiff,**

      **v.**                                  **CASE NO.  25-3016-JWL**

**USP LEAVENWORTH,**

      **Defendant.**

**MEMORANDUM AND ORDER
TO SHOW CAUSE**

Plaintiff Charles E. Dickerson is hereby required to show good cause, in writing, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I.  Nature of the Matter before the Court**

Plaintiff, a former federal prisoner[1], brings this pro se action under the Federal Tort Claims Act ("FTCA").   Plaintiff's claim arose during his incarceration at FCI-Leavenworth in Leavenworth, Kansas ("FCIL"), formerly named USP Leavenworth ("USPL").

Plaintiff alleges that on November 15, 2022, a corrections officer ("John Doe") confiscated his prescription eyeglasses without justification.  (Doc. 1, at 2.)  Plaintiff's eyeglasses had been approved by the Health Service Administrator at FCIL for Plaintiff's use and possession.  *Id*.

Plaintiff alleges that as a direct result of the confiscation, he suffered the inability to read or perform basic daily tasks requiring vision, headaches and eye strain, mental and emotional

---

[1] Plaintiff alleges in the Complaint that he is "currently incarcerated" at FCIL.  *See* Doc. 1, at 2.  However, the return address he provided to the Court is in Madison, Wisconsin.  In addition, the Court takes judicial notice of Plaintiff's assertion in *Dickerson v. USP Leavenworth, et al.*, Case No. 24-cv-3184-JWL, that he was released from custody on January 3, 2023.

distress, and the risk of further deterioration of his vision. *Id.*  Plaintiff asserts that the actions of

CO Doe were negligent and demonstrated reckless indifference to his well-being. *Id.*

Plaintiff further alleges that he has complied with the administrative claim requirements of

28 U.S.C. 2675(a) by filing a Standard Form 95 with the Federal Bureau of Prisons ("BOP") on

March 16, 2023. *Id.* at 1.  Plaintiff received notice of the final denial of his claim on November

12, 2024. *Id.*

Plaintiff names as defendant USP Leavenworth.  Plaintiff seeks compensatory damages of

$25,000. *Id.* at 3.

## II.  Legal Standards

A court liberally construes a pro se complaint and applies "less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition,

the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d

910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true,

could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 558 (2007).  The court "will not supply additional factual allegations to

round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v.*

*New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

A court may dismiss a complaint sua sponte under Rule 12(b)(6) "when it is 'patently

obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity

to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir.

1991) (quoting *McKinney v. Oklahoma,* 925 F.2d 363, 365 (10th Cir. 1991) (citations omitted)).

## III.  DISCUSSION

Plaintiff asserts a claim under the Federal Tort Claims Act ("FTCA").  The FTCA, 28

U.S.C. §§ 1346(b)(1), 2671–2680, "allows the United States to be sued for claims arising out of negligent or wrongful acts or omissions of its employees, when such employees are acting within the scope of their duties."  *Ingram v. Faruque*, 728 F.3d 1239, 1245 (10th Cir. 2013) (citing § 1346(b)(1)).  The FTCA "provides the exclusive avenue to assert a claim sounding in tort against the United States."  *Franklin Sav. Corp., In re*, 385 F.3d 1279, 1286 (10th Cir. 2004), *cert. denied*, 546 U.S. 814 (2005) (citing 28 U.S.C. § 2679(a), which provides that "the FTCA remedy is 'exclusive' for all 'claims which are cognizable under section 1346(b)'").

The FTCA has procedural and jurisdictional requirements.  *See Staggs v. U.S. ex rel. Dep't of Health and Human Servs.*, 425 F.3d 881, 885 (10th Cir. 2005) (stating that the "FTCA's presentation requirements are jurisdictional and cannot be waived") (citation omitted).  The Tenth Circuit has summarized the FTCA requirements as follows:

> Under the FTCA, filing an administrative claim with the appropriate federal agency is a prerequisite to bringing a civil action against the United States for damages for the negligence or wrongful act of any United States employee. 28 U.S.C. § 2675(a); *Three-M Enterprises, Inc. v. United States*, 548 F.2d 293, 294 (10th Cir. 1977) . . . A claim is deemed presented when a federal agency receives from a claimant "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in sum certain for . . . personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a). "[B]ringing an administrative claim is a jurisdictional prerequisite to suit, imposed by Congress, which the courts have no power to waive." *Nero v. Cherokee Nation of Oklahoma*, 892 F.2d 1457, 1463 (10th Cir. 1989); *see also Bradley v. United States*, 951 F.2d 268, 270 (10th Cir. 1991).

*Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir. 1994). Section 2675(a) provides that "[a]n action shall not be instituted" upon an FTCA claim "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . ." *Id*. at n.1.  The amount of damages claimed in a lawsuit under the FTCA is limited to "the amount of the claim presented to the federal agency."

28 U.S.C. § 2675(b); *see McNeil v. United States*, 508 U.S. 106, 108 n.2 (1993) (citing 28 U.S.C. § 2675(a)).

Therefore, exhaustion of administrative remedies is a prerequisite to suit under the FTCA, and courts lack jurisdiction over FTCA claims not presented to the appropriate federal agency. *See* 28 U.S.C. § 2675(a); *Greenlee v. U.S. Postal Serv.*, 247 F. App'x 953, 954–55 (10th Cir. 2007). "Because the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed." *Bradley v. United States by Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991) (citation omitted). "The requirements are jurisdictional and cannot be waived." *Id.* (citation omitted); *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) ("As a jurisdictional prerequisite, the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.") (citing 28 U.S.C. § 2675(a); *McNeil*, 508 U.S. at 113; *Pipkin v. U.S. Postal Service*, 951 F.2d 272, 273 (10th Cir. 1991)). Plaintiff has alleged facts establishing that he exhausted the administrative tort claim remedy in a proper and timely manner prior to filing this action.

However, Plaintiff's claim, which is based on the confiscation or loss of his personal property, is barred by sovereign immunity because it is excepted from the FTCA. *See* 28 U.S.C. § 2680(c) (exception to FTCA's waiver of sovereign immunity includes claims arising from the detention of property by law enforcement officers); *Ali v. Fed. Bureau of Prisons,* 552 U.S. 214, 228 (2008) (holding that BOP officers who allegedly lost inmate's personal property during his transfer to another prison were "law enforcement officers" as the term is used in § 2680(c)); *Williams v. Mestas,* 355 F. App'x 222 (10th Cir. 2009) (holding that FTCA claim against prison officials arising from mishandling of personal property during transfer to another institution was improper because claim was barred by sovereign immunity); *Robinson-Bey v. Feketee,* 219 F.

App'x 738 (10th Cir. 2007) (holding that FTCA did not waive sovereign immunity as to inmate's claim for lost or stolen property allegedly in possession of prison officials).

Moreover, to the extent that Plaintiff asserts that the loss of his eyeglasses was an unauthorized intentional act under 28 U.S.C. § 2680(h), a claim premised on an alleged intentional destruction of property is also outside the scope of the FTCA. *See Dalton v. United States*, 2022 WL 21808236, at \*2–4 (D. Colo. 2022), *adopted by* 2022 WL 21808239 (D. Colo. 2022) (citing *see* 28 U.S.C. § 2680(h) (the waiver of immunity for intentional torts is limited to assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution); *Lane v. Pena*, 518 U.S. 187, 192 (1996) ("A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . and will not be implied[.]")).

Therefore, whether Plaintiff asserts that the loss of his eyeglasses was intentional or negligent, the Court lacks subject matter jurisdiction over his FTCA claim, and Plaintiff's Complaint is subject to dismissal.

In addition, the defendant named by Plaintiff is improper. "The United States is the only proper defendant in an FTCA action." *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001)); *see Hui v. Castaneda*, 559 U.S. 799, 801 (2010) (the FTCA "generally authorizes substitution of the United States as the defendant.").

## IV. Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Failure to respond by the deadline may result in dismissal of this matter without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **March 11, 2025,** in which to show good cause, in writing, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated February 11, 2025, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**