IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHARLES E. DICKERSON,**

    **Plaintiff,**

    v.                                                 **CASE NO. 25-3016-JWL**

**USP LEAVENWORTH,** et al.,

    **Defendant**s.

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se action under the Federal Tort Claims Act ("FTCA"). Plaintiff's claim arose during his incarceration at FCI-Leavenworth in Leavenworth, Kansas ("FCIL"), formerly named USP Leavenworth ("USPL"). On February 11, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 2, "MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for failure to state a claim. This matter is before the Court on Plaintiff's response (Doc. 3) and Amended Complaint (Doc. 4).

Plaintiff alleges that on November 15, 2022, a corrections officer ("John Doe") confiscated his prescription eyeglasses without justification. (Doc. 1, at 2.[1]) Plaintiff's eyeglasses had been approved by the Health Service Administrator at FCIL for Plaintiff's use and possession. (Doc. 4, at 2.) CO Doe gave Plaintiff a "Confiscation and Disposition of Contraband" form after seizing the glasses but failed to provide any justification for classifying the glasses as contraband. *Id.* at 2-3. Plaintiff further alleges that as a direct result of the confiscation, he suffered the inability to

---

[1] The original Complaint is cited rather than the Amended Complaint because the Amended Complaint does not include the date that the confiscation occurred.

1

read or perform basic daily tasks requiring vision, headaches and eye strain, mental and emotional distress, and the risk of further deterioration of his vision. *Id*. at 4. Plaintiff asserts that the actions of CO Doe violated the prior written authorization and Bureau of Prisons protocols governing inmate property. *Id*. at 2. Plaintiff further asserts that CO Doe's actions and the deliberate inaction of FCIL administrative personnel were negligent, careless, and demonstrated reckless disregard for Plaintiff's medical requirements and right to adequate medical care. *Id*. at 4.

Plaintiff named as defendant USP Leavenworth in his original Complaint but changed the defendant to the United States in his Amended Complaint. Plaintiff seeks compensatory damages of $25,000, as well as his costs and expenses. *Id*. at 6.

The Court held in the MOSC that Plaintiff's claim, which is based on the confiscation or loss of his personal property, is barred by sovereign immunity because it is excepted from the FTCA. *See* 28 U.S.C. § 2680(c) (exception to FTCA's waiver of sovereign immunity includes claims arising from the detention of property by law enforcement officers); *Ali v. Fed. Bureau of Prisons,* 552 U.S. 214, 228 (2008) (holding that BOP officers who allegedly lost inmate's personal property during his transfer to another prison were "law enforcement officers" as the term is used in § 2680(c)); *Williams v. Mestas,* 355 F. App'x 222 (10th Cir. 2009) (holding that FTCA claim against prison officials arising from mishandling of personal property during transfer to another institution was improper because claim was barred by sovereign immunity); *Robinson-Bey v. Feketee,* 219 F. App'x 738 (10th Cir. 2007) (holding that FTCA did not waive sovereign immunity as to inmate's claim for lost or stolen property allegedly in possession of prison officials).

Moreover, the Court found that to the extent Plaintiff asserts that the loss of his eyeglasses was an unauthorized intentional act under 28 U.S.C. § 2680(h), a claim premised on an alleged intentional destruction of property is also outside the scope of the FTCA. *See Dalton v. United*

2

*States*, 2022 WL 21808236, at *2–4 (D. Colo. 2022), *adopted by* 2022 WL 21808239 (D. Colo. 2022) (citing *see* 28 U.S.C. § 2680(h) (the waiver of immunity for intentional torts is limited to assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution); *Lane v. Pena*, 518 U.S. 187, 192 (1996) ("A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . and will not be implied[.]")).

Therefore, the MOSC found that whether Plaintiff asserts that the loss of his eyeglasses was intentional or negligent, the Court lacks subject matter jurisdiction over his FTCA claim, and Plaintiff's Complaint was subject to dismissal.

In his response to the MOSC (Doc. 3), Plaintiff argues that his claim falls outside the detention of goods exception of § 2680(c) and that the intentional tort exception of § 2680(h) does not apply either because his claim is based on negligence. (Doc. 3, at 1-2.) Relying on a 2010 opinion from the U.S. District Court for the District of Columbia, Plaintiff asserts that the initial seizure of his eyeglasses may have fallen within § 2680(c), but the subsequent negligent handling of the glasses created a separate basis for FTCA liability not barred by the detention of goods exception. *Id.* at 1, citing *Mack v. United States*, No. 07-cv-112 (D.D.C. 2010).[2] Plaintiff also claims the U.S. Supreme Court has said that the purpose of § 2680(c) was to protect the government from claims related to damage caused during the detention itself, not from claims based on negligent handling that violated mandatory protocols. *Id.*, citing *Kosak v. United States*, 465 U.S. 848, 854-55 (1984).

However, Plaintiff references a portion of the *Kosak* opinion that is quoting the petitioner's rejected argument. *Kosak* in fact found the opposite. As explained by the Tenth Circuit in *Walkner v. United States*, 43 F. App'x 340 (10th Cir. 2002),

---

[2] The Court was unable to find this case or two other cases cited by Plaintiff (*Phillips v. United States* and *Foster v. United States*) based on the information Plaintiff provided.

> The Supreme Court has construed section 2680(c) broadly. In *Kosak* [ ], 465 U.S. [at] 852–53 [ ], the Court rejected the argument that § 2680(c) exempts from the FTCA's waiver of sovereign immunity "only claims [ ] for damage caused by the detention itself" and that the FTCA waiver thus does not apply to the negligent destruction of property. Following *Kosak*, "[t]he courts have interpreted section 2680(c) to bar claims premised on essentially any injury to property sustained during its detention." *United States v. Bein*, 214 F.3d 408, 415 (3d Cir. 2000).

*Id.* at 342.

Based on *Kosak*, Plaintiff's argument that his claim falls outside the detention of goods exception fails. *See Wilson v. United States*, 29 F. App'x 495 (10th Cir. 2002) (finding that federal prisoner's FTCA claim based on confiscation and subsequent loss of 45 books by corrections officers falls within detention of goods exception); *Bramwell v. U.S. Bureau of Prisons*, 348 F.3d 804, 807 (9th Cir. 2003) (finding that negligent handling of prisoner's eyeglasses during cell transfer falls within FTCA's detention of goods exception); *Parrott v. United States*, 536 F.3d 629, 636 (7th Cir. 2008) (finding that negligently confiscating and mailing out prisoner's eyeglasses and other property based on incorrect information about property restrictions at new facility falls within detention of goods exception).

Plaintiff also mentions in the Amended Complaint the discretionary function exception to the FTCA. This exception excludes from the FTCA claims based on the exercise or performance, or the failure to exercise or perform, a discretionary function or duty on the part of a federal agency or government employee. 26 U.S.C. § 2680(a). Plaintiff argues that the discretionary function exception does not apply to his claim because the BOP procedures for dealing with contraband are not discretionary. (Doc. 4, at 5-6.) Because the Court finds that Plaintiff's claim falls within the detention of goods exception, it does not need to determine the applicability of any other exceptions to the FTCA.

Last, Plaintiff indicates in the Amended Complaint that his damages are based on alleged

4

physical harm he suffered as a result of not having eyeglasses. To the extent the Amended Complaint could be read to be making a personal injury claim under the FTCA, it would also be barred by the detention of goods exception since it arises out of the confiscation of his property. *See Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001) (holding claims for assault and battery and false arrest resulting from actions of customs agent during detention of vehicle fall within detention of goods exception); *Hallock v. United States*, 253 F. Supp. 2d 361, 368 (N.D.N.Y. 2003) (holding claims for negligent destruction of property, conversion, negligent bailment, larceny, misfeasance, and personal injury arise out of seizure of plaintiffs' property during execution of search warrant and are therefore precluded by detention of goods exception); *Ramirez v. Pompa Garcia*, 2019 WL 5595367 (S.D. Tex. Oct. 30, 2019) (finding claim for death of undocumented alien locked inside detained truck falls within detention of goods exception); *Rivera v. United States,* 907 F. Supp. 1027, 1030 (W.D. Tex. 1995), *aff'd,* 103 F.3d 125 (5th Cir. 1996) (per curiam) (unpublished) (holding detention of goods exception bars claims for emotional distress and excessive force arising from restraining plaintiff in wrist/arm lock during customs inspection).

Plaintiff's claim that his eyeglasses were seized and negligently lost or destroyed by corrections officers falls within 28 U.S.C. § 2680(c)'s exception to the waiver of sovereign immunity for claims arising out of the detention of goods by any law enforcement officer. Accordingly, this Court does not have subject matter jurisdiction over Plaintiff's claim, and this matter is dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

**Dated March 17, 2025, in Kansas City, Kansas.**

**S/   John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
